1

2

3

4

5

6

7

8

9

10

11

12

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Hazrat Afzal,**<br>Petitioner<br>-vs-<br>**Katrina S. Kane, et al.,**<br>Respondents | CV-10-1546-PHX-JWS (JRI)<br><br>**REPORT & RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2241**<br><br>**and ORDER** |

## I. MATTER UNDER CONSIDERATION

Petitioner, incarcerated at the time in the Federal Detention Center in Eloy, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on July 21, 2010 (Doc. 1).  Respondent has filed a Response (Doc. 9) and a Motion to Dismiss (Doc. 11). Mail to Petitioner has been returned undeliverable (Docs. 13) and Petitioner has failed to respond to an Order to Show Cause (Doc. 12).

The matter is now ripe for consideration.  Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

On July 21, 2010,  Petitioner  filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), challenging his detention without bond in  the Federal Detention Center in Eloy, Arizona, while awaiting removal to Pakistan.  Petitioner's Petition alleges that he was ordered removed on December 22, 2008, was detained on May 17, 2007, and has

1    been detained more than 180 days. (Petition, Doc. 1 at 4.)

2         In the Notice of Assignment filed July 21, 2010 (Doc. 2), Petitioner was advised of

3    his obligation to file a Notice of Change of Address.  Similarly, the Service Order advised

4    Petitioner that:

5              Petitioner must file and serve a notice of a change of address in
              accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.
6              Petitioner must not include a motion for other relief with a notice of
              change of address. Failure to comply may result in dismissal of this
7              action.

8    (Order 11/03/10, Doc. 4 at 2.)

9         On November 24, 2010, Respondent file her Response (Doc. 9), arguing *inter alia* that

10   the Petition was without merit because Petitioner's removal was reasonably foreseeable.

11   Petitioner did not reply, and his time to do so ran on December 24, 2010.  On April 29, 2011,

12   Respondent filed her Motion to Dismiss (Doc. 11), indicating that Petitioner was released on

13   order of supervision on March 30, 2011, and arguing that the Petition had been rendered

14   moot by his release..

15        On May 3, 2011, the Court warned Petitioner of the potential for dismissal if he failed

16   to respond to the Motion to Dismiss, set a deadline of May 17, 2011 for a response, and

17   ordered Petitioner to show cause why the case should not be dismissed for failure to

18   prosecute as a result of Petitioner's failure to file a notice of change of address following his

19   release.  Copies of the Order were sent to Petitioner at his address of record and his apparent

20   release address.

21        On May 9, 2011, Petitioner's copy of the Court's Order sent to his address of record

22   was returned undeliverable, indicating Petitioner was not in custody.  (Doc. 13.)  Petitioner

23   has not responded to the motion to dismiss or the order to show cause..

24

25                    **III. APPLICATION OF LAW TO FACTS**

26   **A. MOOTNESS OF HABEAS PETITION**

27        Respondent argues that the Petition should be dismissed on the basis that the Petition

28   has been rendered moot by Petitioner's release upon order of supervision.  "Article III of the

Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Commission v. Geraghty,* 445 U.S. 388, 395, 100 S.Ct. 1202, 1208 (1980). This limitation restricts the jurisdiction of the federal courts to cases where there is a possible judicial resolution. *Id.* A moot action is not subject to a judicial resolution.

A moot action is one in which the parties lack a legally cognizable interest in the outcome. The test for mootness is whether the court can give a party any effective relief in the event that it decides the matter on the merits in their favor. "That is, whether the court can 'undo' the effects of the alleged wrongdoing." *Reimers v. Oregon*, 863 F.2d 630, 632 (9th Cir. 1989).

A habeas petition may be rendered moot following a subsequent release from custody, absent other, collateral consequences that flow from the complained of imprisonment. *Lane v. Williams,* 455 U.S. 624 (1982). While the existence of such collateral consequences is irrebuttably presumed in some habeas challenges to criminal convictions, *see e.g., Sibron v. New York,* 392 U.S. 40 (1968); *Chacon v. Wood,* 36 F.3d 1459 (9th Cir. 1994), no such presumption applies to habeas petitions challenging immigration detention.

Here, Petitioner does not challenge his underlying removal order, but merely his continued detention pending the execution of that order. His release upon removal has arguably resulted in the termination of any detention. However, Petitioner has not been heard from on the issue, and it is at least conceivable that there may be relief to be granted, given the imposition of conditions on Petitioner's release under the order of supervision. This issue need not be reached, however, to dispose of the matter.

## B. FAILURE TO PROSECUTE

**Failure to Update Address** - Local Civil Rule 83.3(d) provides:

> An attorney or unrepresented party must file a notice of a name or address change, and an attorney must also file a notice of a change of firm name or e-mail address. The notice must be filed no later than 10 days before the effective date of the change, except that an unrepresented party who is incarcerated must submit a notice within 5

days after the effective date of the change. A separate notice must be
filed in each active case.

Petitioner was twice been given specific notice (Notice of Assignment, Doc. 2; Service Order, Doc. 4) of his obligation to file a notice of change of address, and an Order (Doc. 12) specifically directing him to do so.

It is the duty of a party who has filed a *pro se* action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Petitioner. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988).

Moreover, Petitioner has failed to respond to the Court's Order to Show Cause about his address and to respond to the Motion to Dismiss regarding the mootness of his petition. In so doing, Petitioner has failed to prosecute this action.

"The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.,* 370 U.S. 626, 630-631 (1962). "Accordingly, when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting. Whether such an order can stand on appeal depends not on power but on whether it was within the permissible range of the court's discretion." *Id.* at 633.

In determining whether an abuse of discretion has occurred, a number of factors are relevant, including the plaintiff's diligence, the trial court's need to manage its docket, the danger of prejudice to the party suffering the delay, the availability of alternate sanctions, and the existence of warning to the party occasioning the delay. *See, e.g., Hamilton v. Neptune Orient Lines, Ltd.,* 811 F.2d 498, 499 (9th Cir.1987).

Petitioner has failed to prosecute this action, and dismissal is therefore within the

1  discretion of the Court. *Link v. Wabash R. Co., supra.* In the instant case, Petitioner appears

2  to have abandoned this action upon his removal. Petitioner has had over a month since his

3  removal to file a notice of change of address. Further delay to the Court and to Respondent

4  is not warranted. Also, Petitioner has received adequate warning of the potential of such

5  action, and in light of Petitioner's refusal to respond to the Court, less onerous sanctions will

6  be ineffective.

7         The undersigned finds that only one less drastic sanction is realistically available.

8  Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon

9  the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant

10  case, the undersigned finds that a dismissal with prejudice would be unnecessarily harsh.

11  Therefore, a recommendation will be made that this matter be dismissed without prejudice.

12

13                    **IV.  CERTIFICATE OF APPEALABILITY**

14         Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the

15  "district court must issue or deny a certificate of appealability when it enters a final order

16  adverse to the applicant." However, such certificates are only required in cases concerning

17  detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C.

18  § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). This case

19  arises under 28 U.S.C. § 2241, and does not attack a State court detention. Accordingly, no

20  ruling on a certificate of appealability is required, and no recommendation thereon will be

21  offered.

22

23                          **V.  RECOMMENDATION**

24         **IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of

25  Habeas Corpus, filed July 21, 2010 (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** for

26  failure to prosecute.

27         **IT IS FURTHER RECOMMENDED** that Respondent's Motion to Dismiss, filed

28  April 29, 2010 be **DENIED AS MOOT**.

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.   Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Pursuant to *Local Civil Rule 7.2(e)(3)*, unless otherwise permitted by the Court, an objection to a Report and Recommendation shall not exceed ten (10) pages.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).


## VII. ORDER

**IT IS ORDERED** that a copy of this Report & Recommendation and Order be sent to Petitioner at his address of record and to his apparent release address: 230 East Vine Street, Lodi, California 95240.


DATED: May 18, 2011

_____
JAY R. IRWIN
United States Magistrate Judge

- 6 -